# Fleming v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Under an indictment for assault to murder defendant may be convicted of assault and battery.*—Under an indictment for felonious assault, defendant may be convicted of an assault and battery with a weapon; and a request to charge that, if the jury were not satisfied beyond a reasonable doubt that defendant was guilty of felonious assault, they must acquit, was properly refused.

2. *Charge for acquittal if jury have "any" doubt of defendant's guilt, erroneous.*—A request to charge for acquittal if the jury have "any" doubt" of defendant's guilt was properly refused, since to authorize an acquittal, the jury must have a reasonable doubt.

3 *Act Feb. 3, 1881, (Acts 1880–81, p. 295), does not apply to indictments for felonies.*—Act Feb. 23, 1881, (Acts 1880-81, p. 295), conferring jurisdiction on the county court of Wilcox county to try misdemeanors, and providing for a transfer and return to that court of indictments for misdemeanors, does not apply to indictments for felonies which are triable only in the circuit courts.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellant was indicted for an assault with intent to murder one Will Harris, and was convicted of an assault and battery with a weapon.

On the trial of the case, as is shown by the bill of exceptions, there was evidence introduced tending to show that the defendant cut Will Harris with a knife. Upon the introduction of all the testimony, the defendant asked the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "Unless the jury believe from the evidence, beyond every reasonable doubt, that the defendant assaulted William Harris with the intent to murder him, then the jury cannot convict the defendant." (3.) "If, after hearing all the evidence, the jury have a reasonable doubt, as to whether the defendant assaulted William Harris with the intent to get money from him, or with the intent to murder him, then the jury can not convict the defendant." (4.) "If after hearing all the evidence, the jury are in doubt as to

whether the defendant assaulted William Harris, with the intent to get money from him, or with the intent to murder him, then the jury can not convict the defendant of an assault with an intent to murder."

Upon the return of the verdict finding the defendant guilty of an assault and battery with a weapon, the defendant moved the court in arrest of judgment, on the ground that the verdict of the jury finding the defendant guilty of the assault and battery with a weapon was a nullity, because the offense of which the defendant was found guilty was a misdemeanor, and the circuit court of Wilcox county had no jurisdiction for trying misdemeanors, as shown by the act of the General Assembly, approved February 23, 1881—Acts 1880–81, p. 295. This motion was overruled, and the defendant duly excepted.

P. M. Horn, for the appellant.

Wm. C. Fitts, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted for a felonious assault, and convicted of an assault and battery with a weapon. The only exception arises from the refusal of the court, to charge the jury as requested by the defendant, and overruling a motion in arrest of judgment.

The second and third charges requested, demanded an entire acquittal, unless the jury were satisfied beyond a reasonable doubt that the defendant was guilty of a felonious assault. The lesser charge was included in the greater, and although the jury may not have believed the defendant was guilty of the specific intent to murder, the indictment authorized a conviction of an assault and battery with a weapon. This has been often decided.

The fourth charge requested is faulty in that it predicates the right to an acquittal, if the jury have *any doubt* of his guilt. The law requires the jury to be satisfied beyond a reasonable doubt, but does not demand an acquittal if there is any doubt.

The motion in arrest of judgment is without merit. The defendant was indicted for a felony, and could only be tried in the circuit court. The act of February 23, 1881, (Acts 1880–81, p. 295), confers jurisdiction upon

[Thomas v. The State.]

the county court of Wilcox county to try misdemeanors
and provides for the transfer and return to that court of
indictments for misdemeanors. The act has no opera-
tion upon indictments for felonies.

A ffirmed.